## Zaremba Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Ostroff, Lawler & Baker*, for petitioners.

*Herbert W. Salus, Jr.*, and *Melvin E. Soll*, Special Assistant Attorneys General for Commonwealth.

BOLGER, J., February 5, 1965.—This is one of three cases involving the identical issue of identification of claimants who reside in Iron Curtain countries. Specifically, shall or must letters rogatory or commissions issue to take testimony of the claimants in their native countries?

In this case, Ostroff, Lawler & Baker, members of this bar, petitioned for a citation upon the Attorney General of Pennsylvania, as attorneys for named parties, "heirs in the above estate." "In order to properly prove the identity of the heirs of this estate under the Pennsylvania Rules of Civil Procedure, it is necessary that petitioners be authorized to have the deposition of their clients (naming them) taken before an American Consul with the right of opposing counsel to file cross interrogatories, such interrogatories also to be answered before an American Consul." The citation was allowed by the court on December 24, 1962, but there is no proof of service.

Although not recited in the petition, the record reveals that the decedent died intestate on August 4, 1957. The administrator filed his account on March 30, 1959; it was called for audit April 29, 1959, and testimony taken on that date as well as on March 14, 1962, April 10, 1963 and November 12, 1963. Claims were made by the attorneys as petitioners for heirs and next of kin of the decedent. The postponements were at the request of counsel for the claimants. No adjudication was ever filed.

A petition was filed by the same attorneys in February, 1964, for an alias citation with similar averments and the citation was allowed following service upon the Attorney General. Although not specifically averred in the petition, they argued before the court en banc that under the doctrine of Federal supremacy derived from executive agreement with the U. S. S. R. in 1935, and under an Act of Congress dated October 3, 1964, 78 Stat. 995, being Public Law 88.619, as well as under a consular convention between the United States and Russia dated June 1, 1964, this court must grant this petition. Also that the Pennsylvania Rules of Civil Procedure require similar action. The Attorney General filed an answer denying that petitioners are

attorneys for the named heirs and claiming the estate for the Commonwealth as "escheat heir or under Section 1314 of the Fiscal Code as amended." It denies that depositions need be taken. Such depositions, it is averred, would be only self-serving statements and not statements in evidence; that it would be impossible for the Commonwealth to protect its interest by the taking of depositions or in the filing of cross interrogatories; that it would be a hardship to the Commonwealth; that it is the duty of the purported heirs to come forth with admissible testimony and that the petition is contrary to the rules of evidence for petitioners to take their own depositions.

Without deciding the issues raised in the answers pertaining to the standing of the attorneys, petitioners, or of the Federal or Pennsylvania law respecting the mandatory duty of this court to issue letters rogatory or commissions to take the testimony of the claimants, or, in the alternative, the exercise of the discretion of this court to grant the prayer of the petition, we are of unanimous opinion that the petition is not self-supporting. It is in so many respects fatally defective in the inadequacy of its averments that it must be dismissed.

From this petition we gather the impression that counsel for the claimants would prefer to have this case tried in Russia or in Poland, as they appeared to do in Soter Estate, 34 D. & C. 2d 1 (1964), without opposition under the laws of that country rather than where it must be tried, in this court. All of these Iron Curtain cases involve delicate questions which must be prepared and tried by counsel and decided by the court in the same manner as all other litigation. We are unfavorably impressed by the cavalier attitude of counsel for the petitioners who allegedly represent not only these but as well many other claimants in other similar cases.

The ends of justice require not only that these claimants be given their day in court, but also that due process be likewise extended to the other side, especially since the Commonwealth invokes the basic principle "justice requires that the party appear at the trial in order that his identity may be tested": Garrett's Estate, 335 Pa. 287. In that case, the Supreme Court adverted to the disadvantages to the other side and to the inadequacy of taking depositions by interrogatories (p. 298). To prevail, the petitioner must bring to the attention of the court circumstances that satisfy it that the interests of justice require that the examination should take place abroad, and this does not mean in the interests of the applicant alone as the petitioners seem to suggest. All other parties have an equal interest. We must add very cogently that Garrett's Estate points out that stricter scrutiny of this type of application must be exercised when the testimony to be taken is that of parties as distinguished from other witnesses.

### *Rules Regulating the Issuance and Execution of Commissions to take Testimony and Letters Rogatory*

Section 742 of the Orphans' Court Act of August 10, 1951, P. L. 1163, places the entire subject under the purview of the rules of court. This provision is accepted as a broader statement on the subject than the Orphans' Court Act of 1917, P. L. 363, sections 20 (b) 2 and 3. Pursuant to the Act of 1951, this court has adopted Rule 36.1 requiring the issuance of a special order in every case.

The court has inherent power to fix the allowance and allocation of costs incident to all proceedings, including court costs, traveling expenses and fees of counsel and such other terms as the court shall deem proper.

The reasons for the refusal of this petition are several. The petition is not signed nor verified by the al-

leged claimants and no attempt is made to explain the reason therefor. Rule 34.1(b) of this court requires that all petitions must be signed and verified by the petitioners themselves or the reasons specifically stated why they have not signed the petitions: Garrett's Estate (supra). The importance of this requirement must be stressed in this type of case where opportunities for fraud, coercion and impersonation abound: Martinzik Estate, 25 D. & C. 2d 701; Malika Estate, 31 D. & C. 2d 736.

The petition contains only the unsupported averment that the claimants are heirs and next of kin. This is insufficient: Link's Estate, 319 Pa. 513 (1935); Bokey Estate, 412 Pa. 244 (1963). Identity has been satisfactorily established in many Iron Curtain cases in this court by competent witnesses or by documentary or other supporting proof. The present petition, however, does not aver a family tree, the address of the claimants or the existence of any other substantive or corroborative evidence, documentary or otherwise. Therefore, if this petition were granted solely upon the basis of its averments and testimony taken pursuant thereto, it would prove inadequate and, therefore, the granting of the petition would be a futility.

No reason is alleged why the parties cannot appear. The answers in this case demand the appearance of the parties so that they can be cross-examined and the trier of the facts enabled to pass upon their credibility in accordance with the principle enunciated in Garrett's Estate, supra: "Justice requires that the party appear at the trial in order that his identity may be tested." In Garrett's Estate, the petition for letters rogatory goes into this reason in great detail. It is only under the most persuasive circumstances that the presence of the claimants can be dispensed with, and nowhere in the petition is any explanation offered why they cannot appear at trial.

The subject of costs, including their possible allocation, for the protection of the Commonwealth in the event that the claimants do not prevail, is one which we are satisfied must be an indispensable part of any decree or order allowing the claimants' petition. Were the averments not controverted, but persuasive, such allocation and terms might await the final decision of the case. We find nowhere in the petition any suggestion on this subject nor incidentally do we find therein any reference to any authority to whom the letters rogatory or commission shall be addressed or the country where such authority is located; its controverted averments are not persuasive.

The court was adversely impressed at the argument of this case by the blithe statement of counsel for the claimants that all costs and expenses should be paid out of the estate irrespective of the results of the determination of their claims. Parenthetically, it should be stated that these counsel were no doubt selected by the Soviet Government to represent these claimants: Soter Estate, 34 D. & C. 2d 1 (1964) ; Sochanczak Estate, 29 D. & C. 2d 609; and that in such cases they usually ask 25 percent of each fund as their fee. This reflects an attitude of utter irresponsibility as to the rights of the Commonwealth and of disregard of the rules of this court. To grant this petition would be to deny due process to the Commonwealth which is entitled to protection for the security of payment of costs, counsel fees and traveling expenses in the event that the claimants fail to sustain their claims. The funds in this estate may ultimately be found to belong to persons not on the record. For these and other formal reasons, we rule that the petition is not self-sustaining and, therefore, must be dismissed.

We cite for the guidance of the parties concerning the procedural question involved, which we refrain from ruling upon, the opinion of Shoyer, J., speaking

for this court in Sochanczak Estate, supra, wherein the auditing judge was sustained in his refusal to allow the claimant to have her oral depositions or written interrogatories by letters rogatory taken in Russia and upon petition of her alleged attorneys, Ostroff, Lawler & Baker. We regard this decision as authoritative. We also cite the petition for letters rogatory and the rulings thereon in Garrett's Estate, supra.

For the reasons thus stated, it is ordered that the petition be and is hereby dismissed without prejudice and with leave to the claimants to file an amended petition within 60 days.